FESILI SIALO'I and AILUA MAGA of Masefau,
Objectors

v.

ATIVALU TAGO of Nu'uuli, Applicant

No. 55-1965

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Maga" of Masefau]

July 19, 1965

V. G. ROEL, *Associate Justice;* TAUALA, *Associate Judge;* and MALAUULU, *Associate Judge.*

Fesili Sialo'i, *pro se.*
Tuia, Counsel for Ailua Maga.
Lolo, Counsel for Ativalu Tago.

ROEL, *Associate Justice*.

On February 24, 1965, Ativalu Tago, hereinafter referred to as Applicant, filed his application with the Clerk of the High Court to be registered as the holder of the matai title Maga, attached to the village of Masefau. Fesili Sialo'i and Ailua Maga filed their objections on March 16, 1965 and March 17, 1965, respectively. Each of these two objectors claimed to have a better right to the title than the Applicant. This resulted in the Applicant and each of the Objectors becoming candidates for the Maga title.

After considering the testimony and the evidence regarding the basic qualifications under Section 6.0101 of the Code, it is the unanimous opinion of this Court that the Applicant and Objector Ailua are eligible under said section to be registered as the holder of a matai title. It is further the unanimous opinion of this Court that Objector Fesili Sialo'i does not meet the basic qualifications to be considered to be registered for the Maga title. This is evident from Fesili's own testimony and other irrefutable evidence that Fesili was never selected by his family as a candidate for the title as required under paragraph 3 of Section 6.0101. Accordingly, Fesili will not be considered by this Court for the Maga title. That leaves the Court with the choice between the Applicant and Objector Ailua.

After considering the testimony and the evidence, it is the unanimous opinion of this Court, and we so find, that Objector Ailua has 100% Maga hereditary right and that the Applicant has one-fourth hereditary right, and that Objector Ailua prevails over the Applicant on the issue of hereditary right. It was argued by counsel for the Applicant that Ailua at most had one-half hereditary right, even though Ailua had himself held the title Maga, for the reason that Ailua had been deprived of his title as a result

of a Court action arising from a petition by members of the family for his removal. The evidence was irrefutable and uncontroverted that immediately after the Court proceedings removing Ailua as the holder of the Maga title, the Maga family undeniably nominated Ailua and the Applicant for the title, and that a choice was to be selected only between the two of them. After being unable to agree on which of the two was to hold the title, it was agreed between the two of them that Ativalu was to make application to register the title and that Ailua was to file as an Objector. In effect they both agree to let the Court make the decision between the two of them.

Even though this may be the first time any candidate for a title has been found to hold 100% hereditary right, nevertheless we believe Objector Ailua is entitled to such a finding. Here was a first instance where a candidate who filed for a title had once previously held that same title and registered it. The fact that he was later on removed by petition of the family cannot change the fact that he once held the title. There is nothing in the statute that makes a removal from holding a title a crime. At any rate Title VI of the Code is silent on this point.

In connection with the second issue regarding the wish of the majority or plurality of the clans as customary in the family, it is the opinion of this Court that the testimony and the evidence failed to establish clearly which of the two eligible candidates had the support of the majority or plurality of the clans, or which were the customary clans in the family. Each of the two eligible candidates claimed there were four clans in the family, but each had different names for the clans. It is the opinion of this Court, and we so hold, that neither of the two eligible candidates herein had the support of the majority or plurality of the clans as customary in the Maga Family. Accordingly, the Court is disregarding this issue in arriving at its decision,

which has the effect of holding that both candidates rank equally on this issue.

After considering the testimony, evidence, and argument, and taking into consideration the demeanor, personality, presence of mind, the clarity, speed and correctness with which the answers were given, the self-confidence and other qualities reflected from the speech and behavior of the candidates, this Court is of the unanimous opinion that each of the two candidates, Ativalu and Ailua, rank equally on the third consideration under Section 6.0107 of the Code on the issue of forcefulness, character, personality and knowledge of Samoan customs. Accordingly, we hold that both Ativalu and Ailua rank equally on this third issue.

It is further the unanimous opinion of the Court, after considering the testimony and the evidence, that each of the two candidates, Ativalu and Ailua, rank equally on the fourth consideration under Section 6.0107 of the Code on the issue of the value of the holder of the title to the family, the vallage [sic] and the country.

Since we find that the Objector, Ailua, prevails over the Applicant on the issue of hereditary right, and that both Ativalu and Ailua rank equally on the third and fourth issues, it follows that the Objector, Ailua Maga, should be registered as the holder of the matai title Maga, attached to the village of Masefau.

Accordingly, it is the unanimous decision of this Court, and it is hereby ORDERED, ADJUDGED AND DE-CREED that Ailua Maga be registered as the holder of the matai title Maga attached to the village of Masefau.

The Registrar of Titles will be advised of this decree.

Court costs in the amount of $25.00 to be paid by Applicant Ativalu and Objector Fesili each to pay $12.50 within 30 days.

Done this 19th day of July, 1965.